### ADAMS *v.* WATERS ET AL.

SUPREME COURT.—*Evidence.*—The Supreme Court will not reverse a judgment upon the weight of the evidence, where there is conflicting testimony.

SAME.—*Objection to Evidence.*—An objection to evidence admitted will not be considered by the Supreme Court, where the record does not show a ground of objection presented to the court below.

COSTS.—*Married Woman.*—Where a married woman sues in her own name for her separate property, and fails to maintain her action, she is liable for costs as other persons in like cases.

From the Hendricks Circuit Court.

*C. C. Nave*, for appellant.

*L. M. Campbell*, for appellees.

PETTIT, C. J.—This suit was brought by the appellant, Martha E. Adams, a married woman, against the appellees, Alfred Waters, George Shirley, and Marion Shirley, to recover the value of a wagon and two mares, which she alleged were her own separate property, and that they had been wrongfully taken and appropriated by the defendants.

The case was tried by the court, without a jury, on the complaint and an answer of general denial by the defendants.

There was a finding for the defendants, and, over a motion for a new trial, judgment for costs against the plaintiff was rendered.

The property had been sold by a constable on an execution against the husband of the plaintiff as his property, and the whole contest in the case was as to whether the husband or the wife owned the property. The evidence is conflicting, and had the finding been the other way, this court would not disturb it, under long and well settled rulings, based, as we think, on well founded principles, that have been often stated at length, and need not be here repeated.

It is claimed that certain evidence was improperly admitted. On the trial, one of the defendants, Alfred Waters, testified " that he, at the request of the defendants George Shirley and Marion Shirley, by virtue of an execution in their favor against Clinton Adams" (on the) " 28th of October, levied upon the property in dispute as the property of Clinton Adams " (the husband), " in the absence and without the knowledge of the plaintiff."

This evidence was objected to, but no ground or reason for the objection is stated or given, and consequently, under many rulings of this court, the objection is not available.

Amos Hook testified, " that he was assessor of Middle township, Hendricks county, for the years 1871 and 1872, and that he called on Clinton Adams" (the husband) " to give in his property for the purpose of having the same assessed, and that he gave in the property in controversy, and that the same was, by said Hook, assessed as the property of said Clinton Adams, in the absence and without the knowledge of the plaintiff."

This evidence was objected to, " because of the inadmissibility thereof as evidence in said cause." No ground or reason is stated why this evidence was not admissible, and the objection must fail to be available under the rule above stated.

It is objected that the judgment for costs against the plain-

tiff is erroneous, because she was a married woman. This objection we hold to be utterly untenable. A married woman may, under our statute, bring a suit in her own name for her separate or individual property, but if she fails to establish her right to maintain her action, she must take the liabilities for costs of all other persons in such a case as this.

The judgment is affirmed, at the costs of the appellant.