EDWIN BRADY ET AL. v. SULA H. BRADY ET AL.

Decided May 25, 1910.

**1.—Will—Decree Setting Aside—Action to Construe—Jurisdiction.**

When the judgment admitting a will to probate has been set aside by a court of competent jurisdiction and such decree is in full force and effect, the matter stands as though no will had ever been made or probated, and therefore no action can be maintained to construe the document.

**2.—Same—Minors—Action After Majority.**

Minors have a statutory right at any time within two years after attaining their majority to bring an action to set aside a decree annulling a will in which they were named as devisees, and they can not be deprived of this right by a proceeding during their minority to construe the will and remove cloud from title to land devised to said minors by the will.

Error from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*C. L. Black* and *Tarlton Morrow,* for plaintiffs in error.—It appearing that the alleged cloud cast upon defendants in error's title was cast by reason of the fact that the plaintiffs in error had a right to bring a bill of review or writ of error, and take up anew the proceedings of the County Court setting aside the will of John D. Warren, and that such judgment might be set aside, it was not proper for the District Court to attempt to remove this alleged cloud arising from a right given minor defendants by the laws of this State. 22 Cyc., 698; Cannon v. Hemphill, 7 Texas, 184; Miller v. Miller, 21 Texas Civ. App., 382; Rev. Stats. 1895, arts. 2799 and 3352.

*Ivy, Hill & Greenwood,* for defendants in error.

RAINEY, CHIEF JUSTICE.—The defendants in error, Sula H. Brady and husband, instituted this suit against their three minor children, Arthur R. Allen, aged five years, Lawrence William Brady, aged three years and Edwin Brady, aged one year, plaintiffs in error, to remove cloud from title to a certain tract of land in Hill County. and decree a fee simple title in Sula H. Brady.

The allegations are, in effect, that she inherited the land from her father, J. D. Warren, deceased, who left a will which was duly probated, but subsequently, duly canceled and annulled by a decree of said Probate Court, which said decree has never been appealed from, but still exists and is final and binding. That section seven of said will is as follows, to wit: "I will and bequeath the residue of my estate to my children, John R. and Addie D., Sula H. and Jewell D. as follows: to wit: one-fourth each to John R. and Addie D., which shall be set apart to them when Addie D. becomes of age, or his disabilities of minority are removed, as hereinbefore desired; one-fourth each to Sula H. and Jewell D. for and during their natural lives, for the sole use and benefit of each as the separate estate of each, and at their deaths to the heirs of their bodies, respectively, free from any power of said daughters or their husbands to sell or incumber the same; and in case any of my children dies without living descendents, then their share or shares shall revert to my other children or their bodily heirs." That said provision in said will casts a cloud on her title, in that said plaintiff in error claims that said will devises and vests in them the fee to said lands in suit in remainder subject to a life estate only in the plaintiff, Mrs. Sula H. Brady, who was, before her first marriage, Sula H. Warren, and who is the mother of said defendants, and defendants are, as plaintiffs are informed and believe, and so aver, making such claim, and such claim on part of defendants interfere with and hampers plaintiffs in the disposition of said lands in suit, and such claim is believed by people and is calculated to and does cast doubt and suspicion upon the title of plaintiff, Mrs. Brady, and is calculated to and does seriously embarass plaintiffs in maintaining their rights, and in disposing of said lands, said claim of defendants and the recording of said will and codicils, and the probating of same, all casts such cloud on plaintiff, Mrs. Brady's title as aforesaid, and renders said land unsalable and impairs the market and selling

value of said land, and if plaintiff should ever find it necessary to sell said lands it would be impossible to secure a reasonable value for same.

And plaintiffs further aver and claim that the provision in said section seven of said will, to wit: "Free from any power of said daughters or their husbands to sell or encumber the same," is invalid and void as being a restraint on the power of alienation, etc., and pray as follows: "Plaintiffs show that defendants have heretofore been duly cited to appear and answer herein, and have filed their answer herein, and are represented by attorneys duly appointed by the court as guardian ad litem for them, and pray that, on hearing hereof, plaintiffs recover title in fee simple to said lands in suit as the separate property of plaintiff, Mrs. Sula H. Brady; that if necessary said will be construed; and also, that the title to said lands be adjudged in Mrs. Brady free from said restrictions above mentioned; and also, that all cloud be removed from said title of Mrs. Brady, and for all costs and for general and equitable relief, etc."

Plaintiffs in error by guardian ad litem, plead not guilty, four years limitation to the action to remove cloud from title and construe the will, and that the action was fraudulently set up.

A trial resulted in a judgment in favor of defendants in error.

The evidence shows that J. D. Warren died, leaving surviving him, four children as mentioned above, Sula H. Brady, defendant in error, being one. He left a will, containing the clause mentioned. Said will was duly set aside and annulled by a decree of the Probate Court of Hill County, which was never appealed from nor set aside, and the same still exists. Defendant in error received the land in controversy as her distributive share of said estate, and the plaintiffs in error are her children, who, when the suit was brought, were respectively, five, three and one years of age.

The will of J. D. Warren having been set aside by a court of competent jurisdiction, and the decree still being in full force and effect, stands as though never having been made, therefore, there was nothing the trial court was called upon to construe, and hence, nothing for this court to construe.

It is true, under the statute the plaintiffs in error would have two years after reaching their majority to bring an action to set aside the decree annulling the will, but we are of the opinion that they can not be deprived of that right and their claim under the will, if any, be barred by a proceeding like the present. The statute was intended to protect minors against erroneous proceedings of the Probate Courts, and their probable action when they reach their majority, cannot be anticipated and they deprived of their rights by such a proceeding as this.

Being of the opinion that no right of action existed in Sula H. Brady against her children, as set forth, the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*