THOMPSON v. MORROW et al.

(Court of Civil Appeals of Texas. Dallas. April 20, 1912. Rehearing Denied May 4, 1912.)

1. Costs (§ 272*)—Payment—Recovery from Adverse Party.

In an action to construe a will, the judgment awarded to the guardian ad litem for infant defendants $500, to be taxed as costs. On appeal, the judgment was reversed, and the cause dismissed. Plaintiff having failed to pay the costs on appeal, the guardian paid them, in order to secure a mandate. Held, that that part of the judgment making an allowance to the guardians, not having been affected by the reversal, and a mandate being necessary before this allowance could be enforced by execution, the guardians were authorized to pay the costs necessary to obtain the mandate, and recover them from plaintiff.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1033–1036; Dec. Dig. § 272.*]

2. Husband and Wife (§ 244*)—Liability of Married Woman.

Where a married woman, to whom property had been devised for life, with remainder in fee to her children, after the probate court had set aside and canceled the will, brought an action to construe the will, such action was for the benefit of her separate estate; and hence she was liable for the allowance therein made to the guardians ad litem for the infant defendants, although the court held that she was not entitled to maintain such action.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 875–877, 1488; Dec. Dig. § 244.*].

3. Husband and Wife (§ 79*)—Disabilities of Coverture—Contracts.

A married woman's contract for a purpose other than such as is expressly authorized by statute is void.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 317–323, 329; Dec. Dig. § 79.*]

4. Judgment (§ 517*)—Collateral Attack—Grounds.

Where, in an action in which an allowance was made to the guardians ad litem for infant defendants, no objection was made to the allowance, and in an action to collect it no reason is shown why objection was not made, that plaintiff was prevented from doing so, or that the allowance was unreasonable, she cannot attack the judgment making the allowance on the ground that she was insane when the former action was instituted.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 959, 960; Dec. Dig. § 517.*]

5. Fraud (§ 50*)—Presumptions and Burden of Proof.

Where a married woman, sued for an allowance to a guardian in an action in which she was plaintiff, alleges that she was insane, and that the action was instituted at the instigation of her husband, who was using her as a tool to obtain control of her estate, the fraudulent intent of the husband will not be presumed, in the absence of evidence.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 46, 47; Dec. Dig. § 50.*]

Appeal from District Court, Hill County; F. Earle McKee, Special Judge.

Action by Tarlton Morrow and another against Mrs. D. L. Thompson. From a judgment for plaintiffs, defendant appeals. Affirmed.

F. P. Works and Vaughan & Hart, all of Hillsboro, for appellant. Frazier & Shurtleff, of Hillsboro, for appellees.

RASBURY, J. For a complete understanding of the issues in this case, the following preliminary statement of facts is deemed necessary: Prior to the institution of this suit, J. D. Warren, the father of Sula H. Brady, one of the appellants, died in Hill county, and in disposing of his property devised a portion thereof to said Sula Brady for life, with remainder to her children, expressly denying by the will any right on the part of his daughter and her husband to sell or incumber the estate so devised. Warren's will was probated, but subsequently, at the suit of some of the beneficiaries, was canceled and set aside by the probate court of Hill county, and from which action of the probate court no appeal was taken. After the cancellation of Warren's will, his said daughter, Sula Brady, joined by her husband, filed suit in the district court of Hill county against Sula Brady's three minor children, Arthur R. Allen, a child by a former husband, Lawrence William Brady, and Edwin Brady, reciting the cancellation of the will, and requesting the court to construe the force and effect of the will after its cancellation, claiming that that clause of the same which placed the fee to the lands ultimately in the minor children cast suspicion upon Sula Brady's title thereto and hampered and interfered with her disposition of the same, cast a cloud thereon and rendered same unsalable, and impaired the market value thereof. The appellees herein, Tarlton Morrow and C. L. Black, were appointed by the court guardians ad litem for the minor children of said Sula Brady in the suit to construe the will, and defended their interest in that suit. Upon trial in the district court, judgment was against the minor children. The case was appealed by the minor children to this court, and, in an opinion by Chief Justice Rainey, the judgment of the district court was reversed and the proceeding dismissed, and the costs of this court taxed against Sula Brady, on the ground that no

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

right of action existed in Sula Brady to construe the will against her minor children, and thus anticipate and bar their rights under the will, before they reached their respective majorities. In the suit to construe the will, the trial judge allowed the appellees in the instant case $500 as compensation for their services for representing said minors, and taxed same as costs of suit against the plaintiffs, Sula Brady and husband, and directed that execution should issue for the collection thereof. Brady v. Brady, 129 S. W. 867. The suit to construe the will was filed August 24, 1908. On April 17, 1909, Sula Brady was adjudged insane by the county court of Hill county, and Mrs. D. L. Thompson, appellant herein, appointed guardian.

The instant case was instituted in the district court of Hill county by appellees against appellant, Mrs. D. L. Thompson, as guardian of Sula Brady, to recover of appellant in her representative capacity $514.90, being the $500 allowed as fees in the district court in the suit to construe the will, and $14.90, costs paid by appellees to the clerk of the Court of Civil Appeals, in order to secure a mandate from that court that its judgment might be enforced in the district court. Briefly stated, appellant in the instant case in the court below pleaded that at the time of the institution of the suit to construe Warren's will Sula Brady was a married woman and under disabilities of coverture, and hence could not contract so as to charge her separate estate or property, except for necessaries furnished herself or her children, or for expenses incurred for the benefit of her separate estate, and that said proceeding was for neither of said purposes, as shown by the action of the appellate court in dismissing the same; also that she was of unsound mind at that time, and not represented, either by guardian ad litem or next friend, but sued with her husband sui juris; that said suit was a scheme of the husband of said Sula Brady, by which he was attempting to free her property from the restrictions of said will, in order that he might have a larger use and interest therein than he was entitled to; and that he was using her as a "tool" for that purpose. Appellant also, by cross-action or bill of review, alleged fully the fact that said sums claimed were not for necessaries, etc., nor incurred for the benefit of her separate estate; that she was of unsound mind when the suit was filed and incapable of contracting, and not represented, either by guardian ad litem or next friend, and was used by her husband as a tool in bringing said suit, in an attempt on his part to free her property from the restrictions of her father's will, in furtherance of an attempt on his part to acquire greater interest therein than he had under said will. She prayed that the judgment by which said $500 fee had been allowed against her be disallowed and held for naught.

Trial was had, without the intervention of a jury, and judgment was for appellees for both items of costs, from which appellant has appealed.

[1] By her first assignment of error, appellant maintains the court below was without jurisdiction to try the case, for the reason that appellees were not, as matter of law, entitled to recover the $14.90, costs in the case of Brady v. Brady, supra, paid to the clerk of this court, in order to obtain mandate in that case, which, if correct, would reduce the amount in controversy in this case to a sum less than the required amount. We do not think the position well taken, for the reason that appellees had in the lower court recovered judgment against appellant's ward for the $500, which judgment awarded execution for the collection thereof. The sum was taxed as a part of the costs, and the dismissal of the case by this court did not change the liability of appellant's ward therefor; and before the judgment of the district court could be enforced, or execution issued, the mandate had to issue, and this could not be done until the costs of the appellate court were paid. It was the duty of the appellees, in Brady v. Brady, who were appellant's ward and her husband, to observe the decree of this court and pay the costs and permit the mandate to issue; and, failing to do so, we are of opinion that appellees had the right to do so, since their interest in the judgment of the district court could not be asserted until same were paid.

[2] The foregoing assignment of error disposed of, all the other assignments, except one hereinafter specifically referred to, raise, in one way or another, the point that the sum allowed appellees as attorney's fees and taxed as costs cannot be established against appellant in her representative capacity as guardian for Sula Brady, and then through her collected out of the separate estate of her ward, for the reason that said sum was not expended for necessaries for said Sula Brady, nor incurred for the benefit or protection of her separate estate.

[3] The extent of the liability of the separate estate of married women, under articles 2970 and 2971, is not an open question in this state. Judge Gaines, in Cruger v. McCracken, 87 Tex. 586, 30 S. W. 537, announces the rule simply and forcibly when he says: "Where she has been authorized to contract for certain specific purposes, her contract for a purpose other than such as is expressly authorized has been uniformly held void." Many other cases can be cited, of course; but the principle asserted is settled law in this state, and the only question that can now arise is in the application of the rule to the facts of the instant case. Now the proceedings in the district court by which the fee was taxed were regular. In taxing the fee as costs

against appellant's ward, the court was authorized to do so by R. S. art. 1210. The dismissal of the appeal did not change the result, so far as the costs were concerned, but affirmed the judgment of the district court in that respect. The suit was filed by appellant's ward; and hence she initiated that which brought about the final result. The *purpose* of the suit was undoubtedly to benefit Mrs. Brady's separate estate, whether she attained that purpose or not. Her father had died, and by his will she was given only a life interest in a portion of his estate, with remainder to her children. She considered the terms of the will both unjust and unfair, and assailed it in the probate court of Hill county. The court sustained her attack, and set aside and canceled the will, thereby vesting the title to the property absolutely in her. The decree canceling the will was deemed insufficient to clear her title, and she filed the suit of Brady v. Brady, supra, and secured judgment, construing the will and removing the last objection to her free and unrestricted use of the property. Before that could be done, it was necessary to appoint guardians ad litem for her children; for, of course, the case could not proceed until that was done. On appeal, it was dismissed, and the relief sought was denied. Can it be said that, because she failed to secure the relief sought, the costs were not incurred for her benefit? When incurred, this sum went for the single and sole purpose of a suit having for its object, as .alleged by her, the removal of certain hindrances and restrictions that prevented the use and sale, and lessened the value, of her separate property. The fact that she was unable to preclude her minor children of their right to attack the decree of the probate court canceling her father's will neither proves that they will attack it nor disproves the fact that the costs incurred were incurred for the purpose of benefiting her separate estate.

While we do not mean to say that every act done by a married woman for the purpose of benefiting her separate estate will so bind the estate, yet it does appear that because the attempt is not successful that fact should not, in the instant case at least, excuse liability. It is conceivable that a married woman might trade or sell her separate property in such manner that it might result in financial loss; but at the same time she would not be permitted to avoid her act, on the ground that she made a mistake and had suffered financial loss. Had Mrs. Brady been successful in her suit against her children, it could not be said that the expense was not incurred for the benefit of her separate estate; and it would be inequitable to permit her to go free of the legitimate expense of a suit honestly but mistakenly instituted by her. In the absence of those other elements that avoid contracts affecting her separate estate, a mistake of judgment or law will afford no ground for relief from the expenses incurred by her in that behalf. Married women, in the manner provided by law, may sue and be sued; and when they engage in litigation affecting those rights about which they may litigate they are bound by the same rules that the ordinary litigant is bound by, and take their chances accordingly. Leonard v. Townsend, 26 Cal. 442; Adams v. Waters, 50 Ind. 326.

[4, 5] Appellant, by demurrer and plea and cross-action, or bill of review, in the court below, raised the point that her ward, at the time she filed the suit of Brady v. Brady, was of unsound mind, and not represented by guardian ad litem or next friend, but instituted the suit sui juris, at the instigation of her husband, her coplaintiff, who was using her as a "tool" in that respect for the purpose of securing the control and disposition of her estate, all of which being true rendered the judgment void and of no force or effect against her separate estate. The record fails to show that in the case of Brady v. Brady any objection, either in the district court by motion in arrest of judgment, or this court by assignment of error, was made to the allowance of the fee; nor is any reason given why it was not objected to; nor is it shown that appellant's ward was prevented from doing so, or that the fee allowed and taxed as costs was unreasonable or excessive (Goss v. McClaren, 17 Tex. 116, 67 Am. Dec. 646)—it being alleged only that she was insane at that time, and hence not bound by the judgment. The bare fact that appellant's ward was insane when she instituted the suit of Brady v. Brady, in which the costs were taxed against her, without alleging and proving facts which would show or tend to show an unjust verdict and a different result on another trial, would not entitle her to the relief sought by her cross-action (Lee v. Heuman, 10 Tex. Civ. App. 666, 32 S. W. 94); nor will fraudulent intent, as alleged by appellant, on the part of the husband in joining his wife in Brady v. Brady, supra, be presumed, in the absence of evidence, since the contrary is the rule. Speer, Married Women, § 286. Conceding it to be true that Mrs. Brady was insane at the time she filed the suit, which does not follow under the evidence, yet, for the reasons recited, appellant's cross-action or bill of review does not allege sufficient facts which warranted the district court in exercising its equity powers to set the judgment aside, or which indicated she had been prevented from objecting to the judgment, or that a different result could be expected upon another trial.

Finding no reversible error in the record, the judgment of the lower court is affirmed.