### LEMONS et ux. v. BIDDY et al.

(Court of Civil Appeals of Texas. Amarillo. June 22, 1912.)

1. HUSBAND AND WIFE (§ 79*) — MARRIED WOMEN—CONTRACTS.

In general, a married woman cannot make a contract, or be bound by one made for her, under her authority, unless for necessaries, or for the benefit of her separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 317–323; Dec. Dig. § 79.*]

2. HUSBAND AND WIFE (§ 162*) — MARRIED WOMEN — SEPARATE PROPERTY — IMPROVEMENT—LIABILITY.

Sayles' Ann. Civ. St. 1897, art. 2970, provides that a wife may contract for necessaries furnished herself or children, and for expenses incurred for the benefit of her separate property. Article 2971 provides that in a suit for a debt so contracted, if it appears that the debts so incurred were reasonable and proper, the court shall decree that execution be levied

on either the common property or separate property of the wife, at the plaintiff's direction. *Held,* that a contract by a married woman for the drilling of a well on her separate real property for a reasonable price was for the improvement thereof, and was enforceable against her.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 637–640; Dec. Dig. § 162.*]

3. HUSBAND AND WIFE (§ 221*) — WIFE'S SEPARATE PROPERTY — IMPROVEMENT — EXPENSES—ACTION AGAINST WIFE—HUSBAND AS PARTY.

Under the express provisions of Sayles' Ann. Civ. St. 1897, § 2970, a husband was a necessary party to an action on a contract made with his wife for an improvement of her separate real estate by the drilling and casing of a well thereon.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 707, 802–806; Dec. Dig. § 221.*]

4. HUSBAND AND WIFE (§ 162*)—WIFE'S SEPARATE PROPERTY—IMPROVEMENT—CONTRACTS —CONSENT OF HUSBAND.

A contract by a married woman for the construction of a well on her separate property for a reasonable price was valid without the acquiescence or consent of the husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 637–640; Dec. Dig. § 162.*]

5. TRIAL (§ 105*)—EVIDENCE—OBJECTIONS.

In an action for drilling a well on the separate property of a married woman, hearsay evidence that it was drilled "somewhere near 204 or 206 feet deep," in the absence of any objection thereto, was sufficient to sustain a judgment for the price of the well drilled that depth.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 260–266; Dec. Dig. § 105.*]

Appeal from Cottle County Court; W. E. Prescott, Judge.

Action by J. H. Biddy and others against J. C. Lemons and wife. Judgment for plaintiffs, and defendants appeal. Affirmed.

J. M. Whatley and J. M. Hawkins, both of Paducah, for appellants. J. Ross Bell, of Paducah, for appellees.

GRAHAM, C. J. This cause originated in the justice court of Cottle county, Tex., wherein appellees sued appellants for the sum of $182.50, alleged to be due for drilling and casing a well on the property of Mrs. J. C. Lemons, at her special instance and request; she at the time being a married woman. From a judgment rendered in that court for appellants, the case was carried to the county court by appellees on certiorari, where, on December 11, 1911, judgment was rendered in favor of appellees and against appellants for the amount sued for, together with 6 per cent. interest thereon, from which latter judgment an appeal has been prosecuted to this court by J. C. Lemons and his wife, Mrs. J. C. Lemons, and the case submitted in this court on four assignments of error, as follows:

(1) "The court erred in rendering judgment for plaintiffs against the defendants in said cause, and in not rendering judgment for the defendants, for the reason that this was a suit against a married woman on a contract by and between plaintiffs and defendant Mrs. J. C. Lemons, and it was nowhere alleged or proven that the husband of Mrs. J. C. Lemons joined in the contract, or that he authorized or ratified the same; nor was it alleged or proven, or attempted to be alleged or proven, that the contract sued on was such a contract as could be entered into by a married woman without being joined by her husband."

(2) "The court erred in rendering judgment against the defendant J. C. Lemons for any amount in favor of the plaintiffs, for the reason that it was nowhere alleged or proven, or attempted to be alleged or proven, that he ever made any contract with the plaintiffs, or in any way became liable to pay anything or any amount."

(3) "The court erred in rendering judgment for the plaintiffs and against the defendants, for the reason same is not supported by evidence, in that plaintiff failed to prove a sufficient compliance by them of their part of the contract, in that it was not proven how deep the well in controversy was drilled or dug by legal evidence or otherwise, and for the further reason that no evidence was introduced to show that plaintiff's demand, if any they had, was due or unpaid."

(4) "The court erred in overruling defendant's motion to quash and dismiss the writ of certiorari in said cause."

The statement of facts, when read in the light of the balance of the record, shows, we think, with reasonable certainty that the land upon which the well was drilled was the separate property of Mrs. J. C. Lemons; and there is also evidence sufficient in the record, if believed by the trial court (the cause having been tried before the court without a jury), to warrant the conclusion that the well was drilled at a stipulated price agreed upon, and under a contract authorized to be made, before it was made, by Mrs. J. C. Lemons; and we think there is sufficient to be found in the record warranting the conclusion that the price agreed upon and sued for herein was reasonable, and that the drilling and casing the well on the premises was beneficial to the separate property of Mrs. J. C. Lemons.

There is no express pleading in the record, nor is there any express declaration found in the statement of facts, to the effect that the property on which the improvements were made was the separate property of Mrs. Lemons; nor is there any express declaration in the pleading or in the evidence to the effect that the drilling and casing the well on said premises was beneficial to the property, though we think there is ample in the record from which both these conclusions must necessarily be drawn.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[1, 2] While, as a general proposition, under the laws of this state, a married woman cannot make a contract, or be bound by one made for her, under her authority, article 2970, Sayles' Annotated Civil Statutes, provides: "The wife may contract debts for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property, and for such debts suit may be brought in the manner prescribed in article 1201." Article 1201 provides: "The husband and wife shall be jointly sued for all debts contracted by the wife, for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property." Article 2971 provides: "Upon the trial of any suit as provided for in the preceding article, if it shall appear to the satisfaction of the court and jury that the debts so contracted or expenses so incurred, were for the purposes enumerated in said article, and also that the debts so contracted or expenses so incurred, were reasonable and proper, the court shall decree that execution may be levied upon either the common property or separate property of the wife at the direction of the plaintiff."

[3] From the foregoing articles of the statute, it will be seen that the wife is authorized to make contracts for the improvement of her separate property that are binding upon her, and that in suits on such contracts the husband is a necessary party; and, while the statute contemplates that the pleading and proof show that the indebtedness was reasonable and was beneficial to her separate property, we think that if these facts are deducible from the entire record the same is sufficient to support a judgment. In the case of Harris v. Williams, 44 Tex. 124, Justice Moore, speaking for the Supreme Court on a similar question, uses this language: "The statute authorizing the wife to charge her separate estate in this way requires that it shall be shown that the debt incurred was reasonable and proper. That this debt was a proper liability to be incurred by her is plainly inferable from the facts stated. It is nowhere distinctly alleged that it was reasonable; and, had the petition been excepted to on this ground, it should have been sustained. We incline, however, to the opinion that this is a character of defect which can only be reached by special exception." The case under consideration by the Supreme Court in which the above language was used was one in which a suit had been filed against the husband and wife to charge her estate with liability on a note which had been executed by the husband and wife in payment of rents for a dwelling house in which the husband, wife, and children had resided, the record showing that the wife owned separate property, that the husband owned no separate property, and that they together owned no community property— that is, the record tended to show that the place of shelter was provided for by the wife as a result of the financial condition of her husband and the community estate—and the Supreme Court in effect held that the wife was bound on the contract; she in person, or through her agent, having rented the premises.

[4] Believing that the contract sued upon in this case is amply shown to have been made by the wife, and for the benefit of her separate property, and that the charges were reasonable, it was not such a contract as required the acquiescence in or consent to by the husband; and for the reasons stated appellants' first assignment will be overruled.

What we have said in disposing of the first assignment, when considered in connection with article 1201, Sayles' Annotated Civil Statutes, above quoted, necessarily results in overruling appellant's second assignment of error.

[5] It will be noted that under appellants' third assignment contention is made that the proof is insufficient to support the judgment, in that it fails to show a compliance with the terms of the contract by appellees as to the depth to which the well was drilled. We have examined the statement of facts in connection with this issue, and failed to find where any person testified directly as to the depth to which the well was drilled, though we find a statement in the statement of facts, made by the agent of Mrs. J. C. Lemons, to the effect that one of the appellees told him the well was drilled "somewhere near 204 or 6 feet deep"; and, while this evidence was clearly hearsay and should have been excluded on the trial, had objection been made thereto, we find no bill of exceptions in the record covering this evidence, and think, in the light of the balance of the record, it is sufficient to support the conclusion that the well was drilled the depth claimed by appellees, and to cover the drilling for which judgment was rendered in this cause; and therefore appellants' third assignment will be overruled.

As appellants' fourth assignment is based upon the proposition that appellees' application for certiorari fails to show a right to recover, because there is no express allegation that the property on which the improvements were made was the separate property of Mrs. Lemons, or that the improvements inured to the benefit of her separate property, what we have said in disposing of other assignments requires that this assignment be also overruled.

Finding no reversible error in the record, the judgment of the trial court will be affirmed; and it is so ordered.