### OSTER v. HEUMAN et al.

No. 9421.

Court of Civil Appeals of Texas. Galveston.
Jan. 23, 1930.

Harold M. Oster, of Galveston, pro se.

Stewart & Damiani and D. J. Wilson, all of Galveston, for appellees.

GRAVES, J. ■ Appellees' motion to strike appellant's brief and to dismiss his appeal on the grounds, first, that he had failed to file a copy thereof in the trial court, and, second, had failed either to furnish appellees or their counsel with a copy of such brief, or to give them notice that it had been filed in this court, all alleged to be required by R. S. art. 2283, which motion upon submission day was taken for consideration with the cause itself, has been overruled because not filed within 30 days after the transcript was filed in this court. Rule 8 for the Courts of Civil Appeals. The record shows that the transcript upon the appeal was filed in this court on September 6, 1929, whereas the motion to strike and to dismiss, which had sole relation, under R. S. art. 2283, to informalities in the manner of bringing the case into this court, was not filed until January 16, 1930.

Considering the cause upon its merits, we find this statement taken from appellant's brief to correctly reflect the nature and result of the suit below:

"This is a suit by H. M. Oster against Mrs. F. C. Heuman, Mrs. C. J. Neal, Fred C. Heuman and Chas. J. Neal to recover for legal services rendered defendants Mrs. F. C. Heuman and Mrs. C. J. Neal, for the benefit of their separate estate and at their instance and request. The first amended original petition charges as follows:

"That heretofore, to-wit, on the 23rd day of February, 1928, defendants Mrs. F. C. Heuman and Mrs. C. J. Neal employed plaintiff herein to prosecute a claim which they had against the estate of Edward Van. Buren, Jr., deceased, for which defendants obligated themselves and agreed to pay to said plaintiff the sum of Two Hundred Fifty Dollars ($250.00), as evidenced by a contract signed by said defendants, a copy of which is hereto attached, made a part hereof and marked 'Exhibit A'; that in his business as an attorney at law, and at the request of said defendants, and for the benefit of the separate estate of defendants Mrs. Heuman and Mrs. Neal, plaintiff held divers consultations with the administrator of the said estate, Victor Dantin, and began a strenuous endeavor to clear the matter up as quickly and expeditiously as possible by drawing up certain instruments which would bring the estate to a hurried close; that about six weeks after his employment, plaintiff was given notice that his services were no longer required, and although plaintiff had performed his services conscientiously and well, and was ready, willing and able to further continue to do so, defendants have refused and still refuse to pay his fee for said services, or any part thereof, although the said fee for services was reasonable and proper, to plaintiff's damage in the sum of Two Hundred Fifty Dollars ($250.00).

"'Exhibit A.

"'State of Texas, County of Galveston

"'Know all men by these presents that we, Mrs. F. C. Heuman and Mrs. C. J. Neal of Galveston, Texas, have employed Harold M. Oster of said County and State, as my attorney to represent me and prosecute to settlement or judgment a certain claim I have and hold against the estate of Edward Van Buren, Jr., for beneficiaries as heirs. I hereby fully authorize and empower my said attorney to bring suit on said claim, if necessary, and prosecute the same to final judgment, and to compromise and settle said claim with or without suit, in any way or manner that he may deem best or advisable, and to sign our names to any and all papers that may be necessary to be executed for the purpose of settling and compromising said claim. For and in consideration of the services rendered for me by my said attorney, H. M. Oster, I hereby agree and obligate ourselves to give and allow him, as his compensation herein, $250.00. And I hereby ratify and confirm all such lawful acts that my said attorney may do or cause to be done in the premises by virtue hereof.

"'Mrs. F. C. Heuman.
"'Mrs. C. J. Neal.'

" 'The State of Texas County of Galveston

" 'Before me, the undersigned authority, on this day personally appeared Mrs. F. C. Heuman and Mrs. C. J. Neal, known to me to be the persons whose names are subscribed to the foregoing instruments, and acknowledge to me that they executed the same for the purposes and consideration therein expressed.

" 'Given under my hand and seal of office this 23rd day of February, A. D. 1928. Charlotte M. Grave, Notary Public in and for Galveston County, Tex.'

"The defendants answered by general denial and general demurrer, with defendant Mrs. F. C. Heuman filing a cross-action, and both Mrs. F. C. Heuman and Mrs. C. J. Neal specially pleading coverture at the time the contract was made.

"Prior to the admission of any testimony in this cause, the court sustained defendants' general demurrer to plaintiff's petition, and upon plaintiff declining to amend, rendered judgment in favor of defendants, from which judgment plaintiff has prosecuted this appeal."

■■ Through appropriate assignments and propositions, appellant challenges the trial court's action in sustaining a general demurrer, contending that his petition below, when given the benefit of every reasonable intendment, stated a good cause of action; this position is well taken, and must be sustained; apparently, from what appears in the appellant's brief, the learned trial court sustained the demurrer upon two views: First, that appellant had not in detail either set out the instruments he had drawn up in the service undertaken, or itemized the conferences had by him with the administrator, Victor Dantin; second, that the two women defendants were married at the time, and had not been joined in the declared upon contract against them by their husbands; hence on that account were not liable thereon.

Neither of these contentions, we think, furnishes any support for the judgment.

It was not indispensable that either the terms of the sued upon contract or the various acts done in furtherance of it be alleged in detail, but only so much of them as enabled the court to reasonably infer that a cause of action—however defectively stated—existed; obviously that much appeared here. Northwestern National Life Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185; Brackenridge v. Claridge (Tex. Civ. App.) 42 S. W. 1005; Erie Telegraph Co. v. Grimes, 82 Tex. 89, 17 S. W. 831; Automobile Ins. Co. v. Bridges (Tex. Civ. App.) 5 S.W.(2d) 244, 246; Western Medical Arts Building Corporation v. Bryan (Tex. Civ. App.) 5 S.W.(2d) 862, 865; Carothers v. Walton (Tex. Sup.) 1 S. W. 79.

Neither did the mere fact of coverture without joinder of their husbands that appeared from the face of the plaintiff's petition disclose nonliability on the part of the women defendants, because both the express terms of the contract for legal services set up in haec verba and the appellant's averments declaring thereon reflected that the objective of such services was the benefit of their separate properties; a binding obligation was therefore charged against them alone. Lemons v. Biddy (Tex. Civ. App.) 149 S. W. 1065; Bott v. Wright, 62 Tex. Civ. App. 632, 132 S. W. 960; Noel v. Clark, 25 Tex. Civ. App. 136, 60 S. W. 356; Acts of 1913, c. 32; Whitney v. McMahan, 111 Tex. 242, 231 S. W. 694; article 4614, Revised Statutes of 1925; Hall v. Hanen (Tex. Civ. App.) 258 S. W. 199; Emerson v. Kneezell (Tex. Civ. App.) 62 S. W. 551; Thompson v. Morrow (Tex. Civ. App.) 147 S. W. 706; Booth v. Cotton, 13 Tex. 359.

Pursuant to these conclusions, the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.