# UNION INDEMNITY CO. v. ROCKWELL.

## No. 1040.

Court of Civil Appeals of Texas. Waco.
March 26, 1931.

Rehearing Denied May 22, 1931.

822

Cox & Hayden, of Abilene, for appellant.
Butts & Wright, of Cisco, for appellee.

GALLAGHER, C. J.

This suit was instituted by appellee, J. M. Rockwell, against W. W. Johnston and appellant, Union Indemnity Company, as principal and surety, respectively, on a bond given by them to secure the performance by said Johnston of his contract with the Cisco independent school district for the erection of a schoolhouse. Said bond was given in response to the requirements of article 5160 of the Revised Statutes, as amended by the Acts of 1927, 1st Called Sess., c. 39, § 1 (Vernon's Ann. Civ. St. art. 5160). Johnston, the contractor, completed said building; the same was accepted by the school district, and final payment therefor made to him on March 8, 1929. The entire amount of such payment was applied by Johnston on debts contracted by him in the erection of such building.

One Jack Winston entered into a contract with Johnston to install the entire plumbing for said building for the sum of $1,875. He was paid thereon the sum of $650, leaving a balance due of $1,225. He, in attempted compliance with the provisions of said article 5160 as amended, filed a verified claim for said sum remaining unpaid with the county clerk of Eastland county on the 8th day of March, 1929. He thereafter, for a valuable consideration, assigned said claim to appellee, who sought herein to recover judgment thereon.

Appellee Rockwell sold and delivered to said contractor a large amount of building material for use in the erection of said building. The charges therefor amounted in the aggregate to approximately $10,000. Johnston made payments on account from time to time. After crediting the amount received by appellee out of the final payment by the school district, there remained unpaid on said account a balance of $350.75. Appellee, in attempted compliance with the provisions of said article as amended, filed a verified claim for said sum remaining unpaid with the county clerk of Eastland county on the 12th day of March, 1929, and sought herein to recover judgment thereon.

The case was tried to a jury, which, in response to a peremptory instruction by the court, returned a verdict for appellee on the claim assigned to him by Winston for the sum of $1,225, with interest from February 23, 1929, at the rate of 6 per cent. per annum. The jury further found, in response to special issues submitted to them for determination, that appellee furnished to said contractor material for the erection of said building on or after February 10, 1929, and that the value of the material so furnished on or after said date was $3.10. The court thereupon rendered judgment in favor of appellee against said Johnston and appellant for the sum of $1,707.05, with interest from the date thereof at the rate of 6 per cent. per annum. This appeal is prosecuted by said surety.

Opinion.

Appellant presents a group of propositions in which it contends that the court erred in awarding appellee a recovery upon the Winston claim. Each of said propositions is based on the specific contention that the affidavit filed by Winston with the county clerk was fatally defective in failing to itemize the labor and material furnished by him in the performance of his contract for the installation of the plumbing in said building. Winston alleged in said affidavit that he entered into a verbal contract with Johnston to furnish all labor and material and install the plumbing in said school building for the sum of $1,875; that such contract was for a completed or turnkey job; that he did furnish all labor and material, and did install the fixtures and complete said plumbing according to his contract; that he had been paid thereon the sum of $650; that there remained unpaid the sum of $1,225; and that said affidavit was filed for the purpose of giving notice of his claim and securing payment thereof as provided by law. Winston testified on the trial, in connection with said affidavit, to the facts stated therein. Said affidavit was thereupon admitted in evidence over the objection of appellant. The judgment rendered is in part predicated thereon. No other attack upon the sufficiency of said affidavit with reference either to its substance or the manner and time of filing is made.

Article 5160 of the Revised Statutes as it read at the time required the contractor, before commencing work under his contract, to execute the usual bond, with an additional obligation that he should promptly make payment to all persons supplying him with labor and material in the performance of his contract. Said article further provided, in substance, that all claims for labor should be itemized, sworn to, and duly filed within thirty days from the date the same became payable, that all claims for material should be itemized and sworn to and duly filed within thirty days from the date of the delivery of such material, and that any claim filed after thirty days should not be secured by such bond. Said statute contained no specific provision prescribing the requisites of a claim for the performance of a contract requiring the furnishing of both labor and material in the installation of a contractual unit, where the compensation to be paid therefor was a

specific or lump sum. While this statute has not, so far as we have found, been construed on the specific point here involved, its requirements are very similar to those prescribed for the fixing of a mechanic's lien by laborers and materialmen, both of whom are required to file itemized accounts of their respective claims as a condition precedent to the acquisition of a lien. Our Supreme Court, in Pool v. Wedemeyer, 56 Tex. 287, 297 et seq., held that an account for painting a house inside and out for the sum of $405 was sufficiently itemized to fix a lien. See, also, in this connection, Texas State Fair v. Caruthers, 8 Tex. Civ. App. 474, 29 S. W. 48, 49, par. 1; Hemphill v. Gleason (Tex. Civ. App.) 272 S. W. 275; Sprowls v. Youngblood (Tex. Civ. App.) 23 S.W.(2d) 879, 881, par. 1. In the latter case a writ of error was granted by the Supreme Court, but it was granted on an assignment recognizing the validity of the mechanic's lien established therein. Winston's account or claim was not susceptible of more definite itemization. See, as analogous, Carothers v. Walton (Tex. Sup.) 1 S. W. 79; Oster v. Heuman (Tex. Civ. App.) 24 S.W.(2d) 794, par. 2. We think Winston's account was sufficiently itemized in his affidavit, and that the filing thereof fixed liability therefor on appellant as surety on such bond.

■■ Appellant presents another group of propositions, in which it contends that the court erred in awarding appellee a recovery for the full amount claimed by him as the balance due for material furnished for the erection of said building. Appellee pleaded that he agreed to furnish Johnston the building material necessary to construct the building, and that Johnston purchased from him between the dates of September 14, 1928, and February 14, 1929, building material of the total value of more than $5,000, as shown by his verified account attached to his petition as an exhibit. Said exhibit was in the form of an open account, and was verified as such. The first item thereon was dated September 14, 1928, and the last item February 14, 1929. Appellee's manager testified, in substance, that he agreed to furnish Johnston all the material necessary for the building that he had in stock, and that he did so. He further testified that the total material furnished by him for said building amounted in the aggregate to approximately $10,000; that payments thereon were made from time to time, but that the balance unpaid was due at the completion of the building. The building was accepted and final payment therefor made on March 8, 1929. The amount apportioned to appellee lacked $350.75 of satisfying his claim. The substance of the jury's verdict was that all the material charged for in appellee's account, except a small amount valued at $3.10, was delivered more than thirty days before appellee filed his claim therefor with the county clerk of said county.

Said article 5160 required appellee to file his claim for material with the county clerk within thirty days from the date of the delivery thereof. Said provision has never, so far as we have found, been construed by any of our courts. Appellant contends that such provision is clear and unambiguous, and should be literally applied. Appellee contends that, in view of the provisions of article 5467 with reference to the time for filing accounts for the purpose of fixing mechanic's liens for material furnished, such provision should be construed to make the filing of an account for material within thirty days after the delivery of the last item thereof effective to fix liability for the entire amount thereof. The mechanic's lien statute, as before stated, requires claims for material to be filed within thirty days from the date the same became payable. Said article 5467 provides, in substance, that, when material is furnished, the indebtedness shall be deemed to have accrued at the date of the last delivery of such material, unless there is an agreement to pay therefor at some specified time.

The provision of article 5160 here under consideration makes no reference to the article of the mechanic's lien statute above referred to. The time for filing prescribed by it is based on delivery alone, while the time for filing prescribed by the mechanic's lien statute is based on the maturity or due date of the claim. Said article 5467 merely provides a technical date of maturity of a claim for material where no specific date has been agreed upon by the parties. We do not think that said article has any application to the filing of claims for material furnished to a contractor for the purpose of fixing liability on his bond. Appellee neither pleaded nor proved a valid enforceable contract in advance for the specific bill of material that he did furnish with a stipulation that the same should be delivered in installments as needed. Whether in such a case the time limited for filing of a claim for such material would begin to run from the date of each delivery, or from the date of the final delivery only, we need not determine. We construe both appellee's pleadings and his testimony to show that the various items of material made the basis of his claim were sold by him and purchased by Johnston on open account from time to time and delivered as purchased. Had Johnston made no purchases after February 10, 1929, it is conceded that his right to file his account for purchases prior to that time had expired at the time he did file the same. We do not think that the purchase of the few small items of material, found by the jury to have been purchased after that time, was effective to extend the time for filing such prior account.

The judgment of the trial court is reformed by eliminating from appellee's recovery against appellant the amount of his whole

account for building material furnished, except the sum of $3.10, with legal interest thereon, thereby reducing appellee's judgment against appellant to the sum of $1,331.-65, with legal interest from the date thereof. Said judgment as so modified is affirmed. Johnston, the contractor, is not a party to this appeal, and the judgment in favor of appellee against him shall not be held affected hereby.