HARDIN, administrator, *v.* NEAL LOAN AND BANKING COMPANY *et al.*

1. Where a vendor in the sale of land received a part of the purchase-money in cash and the promissory notes of the vendee for the balance, and thereupon executed and delivered to the vendee his bond obligating to execute a deed to the vendee upon the payment of the notes, such vendor will not be required to execute such deed until the bond is surrendered by the vendee or it is shown not in any event to be enforceable against the vendor.

2. Where in such a case the vendor deposited the notes for collection and transferred the same to a bank, and signed and sealed such deed as was contemplated by the bond and deposited that in the same bank for delivery to the vendee upon the payment of the notes, the bank would not be required to deliver the deed upon payment of the notes without surrender of the bond for title, or a showing that it was not in any event enforceable against the vendor.

3. But upon a tender of the balance due on the purchase-money notes, with the bond for title already in the hands of the bank, the holder of the deed in escrow is bound to receive the money and deliver the deed to the grantee or his lawful representatives, unless other facts should exist which would in law or equity deprive the grantee of the right to demand delivery of the deed.

4. The petition in this case sets forth a valid cause of action, and does not allege further facts which in law or equity would deprive the petitioner of the right to the relief sought, and the court erred in dismissing the case.

Argued May 25,—Decided July 5, 1906.

Equitable petition. Before Judge Pendleton. Fulton superior court. October 3, 1905.

The petition and amendments allege, in substance, that J. P. Tilley for $750 sold to Robert Dohme certain land, receiving of the purchase-money $150 in cash and notes for $25 each to cover the balance; that at the time of the sale Dohme received from Tilley "a bond for title, . . with the usual conditions and requirements therein, obligating the said Tilley to execute and deliver to petitioner a proper warranty deed upon the payment of the balance of said purchase-money;" that afterwards, to wit on the same day, "Tilley executed a warranty deed from himself as grantor to this petitioner as grantee, describing and conveying said property to this petitioner, which was properly executed but not delivered on account of the balance of the purchase-money not being paid, and the said J. P. Tilley discounted said notes given by this petitioner for said land to the Neal Loan & Banking Co., and placed with the

said Neal Loan & Banking Company the said warranty deed, which was executed to this petitioner to be held by the said Neal Loan & Banking Co. as an escrow, until said purchase-money notes were paid by petitioner; and since said notes were discounted and placed with the Neal Loan & Banking Co., this petitioner has continued to pay the same, at different intervals, and has paid all of said purchase-money notes, except six notes of $25 each, which notes with interest amount to $199.50;" that after reducing the debt as above described, Dohme died, and the plaintiff became his legal representative with the right to demand and sue for the deed; that recently petitioner tendered to the said Neal Loan & Banking Co. the balance due on said purchase-money notes, and demanded the delivery of the deed which had been held in escrow as aforesaid, which demand was refused; that the bond for title mentioned in the declaration was, during the life of Dohme, "placed in the hands of the defendant, the Neal Loan & Banking Co. by said Dohme, and said company has ever since retained said bond, claiming the right to hold the same as pledgee as security for a debt which was due it by the Dohme & Corrigan Grocery Co.; and that said Neal Loan & Banking Co. has refused to deliver said bond either to plaintiff or Tilley. The reason of such refusal is alleged to be that the banking company claims that, in addition to the purchase-money notes, Dohme is liable to said banking company in the sum of $400 upon certain promissory notes signed "Dohme & Corrigan Grocery Co., per Robert Dohme, Manager." It is alleged by the plaintiff that "he does not owe the Neal Loan & Banking Company any other sum than that specified in the purchase-money notes, and he is not and never was either indorser, surety, or guarantor of the alleged debt of the Dohme & Corrigan Grocery Co." The prayer was that Tilley and the Neal Loan & Banking Co. be required to specifically perform the contract and be required to deliver the deed so held in escrow and surrender the remaining purchase-money notes upon the payment of the amount due thereon as tendered by petitioner.

Upon motion of counsel for the defendant the petition was dismissed "on the ground that it does not state facts sufficient to constitute a cause of action." The plaintiff excepted.

*Thomas F. Corrigan,* for plaintiff.

*Westmoreland Brothers,* for defendant.

ATKINSON, J. 1, 2. When the maker of a bond for title complies with the conditions thereof, he is entitled to a surrender thereof, or a showing that the same can not afterwards be used against him. This rests upon the reason which entitles the maker of a promissory note to the surrender thereof upon payment by the payee. That such is the law is not an open question. *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 732; *Jackson* v. *Brown,* 102 *Ga.* 87; *Belmont Farm* v. *Dobbs Hardware Co.,* 124 *Ga.* 827; *Hodges* v. *Smith,* 118 *Ga.* 789. The maker of the bond being entitled to its surrender upon executing the deed, it follows that the holder of the deed in escrow is entitled to the same protection. He is a mere agent, and could not be required to do, with reference to the subject-matter of the agency, anything which could not be required of the principal. Consequently the Neal Loan & Banking Company was entitled to demand a surrender of the bond, or a showing at the time of delivery of the deed that the bond was not in any event enforceable against the maker.

3, 4. But so far as the allegations of the petition are concerned, this was done. It is alleged that the bond was in fact in the possession of the Neal Loan & Banking Company, and there were no additional allegations of fact sufficient to constitute a right in the Neal Loan & Banking Company, in its individual right, to hold the bond for title as against the plaintiff. It is merely alleged that during the lifetime of Dohme he had placed the bond in the hands of that company. For what purpose it is not alleged. It may have been merely for safe-keeping. It is alleged that ever since the bond was placed in the hands of the Neal Loan & Banking Company it has been retained by that institution, claiming to hold it in pledge as security for the payment of a debt due by a firm of which Dohme was a member, evidenced by a promissory note signed "Dohme & Corrigan Grocery Co., per Robert H. Dohme, Manager." It is further alleged that as a matter of fact the bond for title was never transferred in writing to any one. Without a transfer, even if the bond had been delivered in pledge, the Neal Loan & Banking Company would not have acquired title or a lien upon the property which it could have enforced by suit. *Davis* v. *Davis,* 88 *Ga.* 191; *Johnson* v. *Coney,* 120 *Ga.* 776; *Fleming* v. *Ga. R. Bank,* 120 *Ga.* 1027. There is no allegation in the petition that Dohme deposited the bond for title as collateral security in order to induce the bank

to advance money on the strength of such deposit, and that the money so advanced had not been paid. Had the petition contained such allegations as those, a different question would be presented. The question would then be, could the plaintiff come into a court of equity and ask for equitable relief, without first having done equity by paying the debt for which the bond was deposited as security. The original petition having been dismissed upon the ground that it set forth no cause of action, we are not at liberty to consider anything which was contained in the defendant's answer. The decision must be restricted to the merits of the petition, and, a cause of action having been set forth therein, the court committed error by dismissing the same.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*