R. L. BOTT v. IDA WRIGHT ET AL.

Decided November 12, 1910.

**1.—Conveyance by Husband to Wife.**

A conveyance of land by a husband to his wife constitutes the land a part of the separate estate of the wife, and this regardless of whether the consideration paid for the land was separate or community property.

**2.—Married Woman—Separate Estate—Contract by Husband.**

A husband has no power, merely as such, to bind his wife by a contract to convey her separate estate.

**3.—Same—Ratification.**

The mere fact that a married woman joins her husband in signing a deed to her separate estate, in compliance with a contract previously made by her husband alone, would not be such a ratification of the contract of the husband as would support an action against the wife for specific performance of the contract, in the event the deed was not delivered.

**4.—Married Woman—Separate Estate—Power to Contract.**

Except for necessaries for herself and her children, or for the benefit of her separate estate, a married woman has no legal capacity to make a contract

either directly, or indirectly through her husband, for the future conveyance of her separate estate.

**5.—Same—Delivery of Deed—Husband as Agent.**

Where a married woman surrenders to her husband a deed to her separate property, duly signed and acknowledged by her, to be by him delivered to a third party, authority will be implied in the husband to make such reasonable stipulations concerning the delivery of the deed to the grantee as would not be violative of her instructions or in fraud of her rights.

**6.—Escrow—Definition.**

A delivery of a deed to a third person to be delivered by him to the grantee on the performance of an act, or the happening of an event, is called an escrow.

**7.—Same—Right to Withdraw.**

Neither party has a right to withdraw a deed delivered in escrow until the happening of the condition upon which it was deposited, or until after a reasonable time given for the performance of the condition. The mere fact that the grantee had not performed the condition imposed upon him—as, for instance, the payment of the purchase money—within the time stipulated, is not always a sufficient warrant for withdrawing the deed from escrow.

**8.—Same—Binding Upon Married Women.**

When a married woman has made and acknowledged a deed to her separate estate with all the formalities of the law, and delivered the same in escrow, she will be bound alike with her husband to the general effect of such a delivery.

**9.—Same—Right to Withdraw—Question for Jury.**

Evidence considered, and held to raise a question which should have been submitted to the jury, as to whether or not a married woman and her husband had a right to withdraw from escrow a deed to the wife's separate estate, although the time within which the grantee had to pay the purchase money had passed.

Appeal from the District Court of Wheeler County. Tried below before Hon. H. G. Hendricks.

*Hoover & Taylor,* for appellant.

*G. W. Mendell, J. B. Reynolds* and *B. M. Baker,* for appellees.

CONNER, CHIEF JUSTICE.—Appellant instituted this suit for the specific performance of a contract to convey a section of six hundred and forty acres of land described in the petition and alleged to be situated in Wheeler County. The contract is as follows:

"Contract made and entered into this, 17th day of October, 1907, by and between I. M. Wright, of Kent, Texas, and R. L. Bott, of Humeston, Iowa, witnesseth: that the said I. M. Wright has this day sold to R. L. Bott of the following land legal numbers as follows: Section (4), block L, land lying just west of Clay section, for the sum of $5000, of the following terms: Five hundred dollars cash paid in hand, which is hereby receipted for, and forty-five hundred dollars on or before thirty days from this date. I. M. Wright is to deed by warranty deed and

furnish abstract showing clear and perfect title, and to send deed and abstract to the Humeston State Bank, Humeston, Ia. The warranty deed is to be free and clear of all encumbrance except six hundred and twenty-four dollars back to the State.

(Signed)   "Ida Wright, by I. M. Wright, Agent.<br>
"R. L. Bott."

After the execution of the contract Ida Wright and I. M. Wright made deed in due form as agreed and forwarded the same, together with an abstract of title, to the Humeston State Bank, but appellant not having paid the deferred $4500, appellees, on or about December 7, 1907, telegraphed the bank to return the papers, which the bank did within a few days, and appellees thereafter sold the land to W. A. Layburn, who is sued herein as an alleged purchaser with full notice of appellant's alleged rights.

The court below gave a peremptory instruction in appellees' favor on the grounds that Ida Wright was not bound because of her coverture, and that her husband I. M. Wright was not bound because the contract showed that he signed as agent only. On a former day we affirmed the judgment save that we held I. M. Wright bound for the repayment of the five hundred dollars actually received. We so held on the theory that the undisputed facts showed that the land was the separate property of the wife and that she had recalled the deed before its actual delivery to appellant and hence was not bound, although the husband was, and that as to him the recall of the deed amounted to a voluntary rescission, which was justified by the facts, and that he therefore must return the money actually received. On more mature deliberation, however, we are not satisfied with all of the conclusions announced in our original opinion and that opinion is accordingly withdrawn.

Now, therefore, treating the case as an original one, we have concluded that the court erred in taking the case from the jury. We disagree with the contention that Ida Wright was bound by the contract either because of any power in her husband, I. M. Wright, to bind her, or on the ground of a ratification because of her joinder in the deed. It is undisputed that prior to the date of the contract the land had been duly conveyed to his wife by I. M. Wright. The legal effect of this conveyance was to invest in Mrs. Wright the separate interest in the land, regardless of whether I. M. Wright had paid therefor the separate funds of his wife or community funds of both. (Callahan v. Houston, 78 Texas, 494; Kahn v. Kahn, 94 Texas, 114; Clay v. Power, 24 Texas, 305.) This being true, and there being no evidence that the contract was for necessaries or for the benefit of her separate property, Mrs. Wright had no legal capacity to make the contract, either directly or indirectly, or to authorize her husband to do so. Revised Statutes, article 2970; Speer's Law of Married Women, section 46; Noel v. Clark, 25 Texas Civ. App., 136 (60 S. W., 356); Lynch v. Elkes, 21 Texas,

229; Stroter v. Brackenridge, 51 Texas Civ. App., 170 (118 S. W., 634); Cannon v. Boutwell, 53 Texas, 626.

Where, however, as there is evidence here tending to show, the wife surrenders to her husband a deed to her separate property, duly made and acknowledged, for the purpose of delivery, we think authority in the husband is to be implied to make such reasonable stipulations relating to the delivery of the deed to the grantee as shall not be violative of her instructions or in fraud of her rights. See Hughes v. Thistlewood, by the Supreme Court of Kansas, 19 Pac., 629.

This brings us to a consideration of the effect of the deposit of the deed made by appellees in the Humeston State Bank. Save as may be inferred from the contract, the nature of the subject, and the acts of the parties, the purpose and conditions of the deposit, if any, are not disclosed; but we have finally concluded that the evidence as a whole raises the issue of a deposit of the deed with the bank in escrow with direction to the bank to deliver the deed to appellant upon his payment or deposit to appellees' credit of the remaining unpaid part of the purchase money. If so, then appellees would not have the right to withdraw the deed from the bank without appellant's consent until after the expiration of a reasonable time, notwithstanding the time limit named in the contract. Says Mr. Devlin in his book on Deeds (vol. 1, section 312): "A delivery may be made to a third person conditional on the performance of an act or the happening of an event, whereupon it is to be delivered to the grantee. Such delivery to a third person is called an escrow." And whether the delivery was in escrow is to be determined from all the facts and circumstances in evidence. (Wallace v. Butts, 31 S. W., 687; Gaston v. City of Portland, 19 Pac., 127.) When so delivered and accepted, the depositary becomes in a sense a trustee for both parties to the transaction and neither may withdraw the deed until the happening of the condition upon which it was deposited, or until after a reasonable time given for the performance of the condition. (16 Cyc., page 568; Robbins v. Rascoe, 26 S. E., 807; White Star Line Steamboat Co. v. Moragne (Ala.), 8 So., 867; State Bank v. Evans (N. Y.), 28 Am. Dec., 400; Hughes v. Thistlewood, 19 Pac., 629; Baums' Appeal (Pa.), 4 Atl., 461; Hoyt v. McLagan, 55 N. W., 18; Gaston v. City of Portland, 19 Pac., 127; Bronx Investment Co. v. Natl. Bank of Commerce, 92 Pac., 380; Hardin v. Neal Loan Co., 54 S. E., 755; *in re* Cornelius Estate, 91 Pac., 329; Bury v. Young, 33 Pac., 338.) Such we think is undoubtedly the general rule, and, while our laws have provided certain safeguards to be observed in the disposition of the wife's separate property, we know of no reason why after the wife, as here, has made and acknowledged a deed with all the formalities of the law, she should not be held bound alike with the husband to the general effect of a delivery in escrow. Until after due acknowledgment of her deed before the officer and until delivery, she is not bound. (Jones et ux. v. Goff, 63 Texas, 248.) But, clearly, she is bound after final delivery to her grantee; and, as we think, after it has by her consent passed from

her control by the quasi or conditional delivery in escrow, save under the same circumstances as obtain in other cases. See Angier v. Coward, 79 Texas, 551. If so, as before stated, it can not be here said that the undisputed evidence shows that the withdrawal of the deed from the Humeston State Bank was authorized. It can not be so said merely because the order for the return was some time after the time limit named in the contract for the deferred payment, for nothing in the record makes it conclusive that the time so named was of the essence of the contract. See Callier v. Robinson, 61 Texas Civ. App., 164 (129 S. W., 389). Nor can it be said to be conclusive that appellant, though present at the time, consented for the bank to return the deed, or that appellant under all the circumstances had deferred the payment beyond a reasonable time for the examination or correction of the title, etc.

We conclude that these, as well as others indicated, were all issues that should have been submitted to the jury. It is accordingly ordered that the motion for rehearing be granted; that the judgment be reversed and the cause remanded for a trial in accordance with this opinion.

*Reversed and remanded.*