**TOWNSEND et al. v. DAY et al. (No. 9219.)**

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 28, 1920. On Motion for Rehearing, April 17, 1920. On Further Motion for Rehearing, May 29, 1920. Rehearing Denied June 26, 1920.)

1. **Appeal and error** &#9758;930(4)—**Court must accept interpretation of finding supporting judgment.**

It is the duty of the court to accept a finding of the jury with the interpretation that will support the judgment, if possible, where such finding has several interpretations.

2. **Frauds, statute of** &#9758;110(1) — **Instrument held to sufficiently describe lease intended to be assigned.**

An assignment of an oil and gas lease, which referred to a certain lease made by a certain person to a certain other person, and stated that said lease was recorded in a certain county, sufficiently described the land intended to be conveyed by the instrument, if by reference to the deed records of the county and the lease offered the correct description of the property intended to be conveyed could be secured.

3. **Deeds** &#9758;90—**That certain which may be made certain.**

In construing deeds, resort must be had to the general rule that that is certain which may be made certain.

4. **Escrows** &#9758;1, 8(2) — **Depositary becomes trustee for both parties.**

A delivery, made to a third person of a deed or instrument conditional on the performance of an act or the happening of an event whereupon it is to be delivered to the grantee, is an escrow, and the depositary becomes in a sense a trustee for both parties of the transaction, and neither may withdraw the deed until the happening of the condition upon which it was deposited, or until after a reasonable time given for the performance of the condition.

5. **Deeds** &#9758;54—**Delivery necessary.**

Delivery of a conveyance is just as necessary as its execution to give it legal effect.

Buck, J., dissenting.

**On Motion for Rehearing.**

6. **Frauds, statute of** &#9758;117 — **Assignment of lease placed in escrow, sufficient as conveyance, held good memorandum in writing.**

A written assignment of an oil lease placed in escrow, sufficient as a present conveyance, was a sufficient memorandum in writing to comply with the statute of frauds.

**On Further Motion for Rehearing.**

7. **Evidence** &#9758;158(27)—**Parol evidence as to land described in oil lease inadmissible.**

Parol evidence was not admissible to show the description of property intended to be conveyed in an assignment of an oil lease, which omitted the legal description, where no reason was shown why the lease itself, either the original or a certified copy, was not offered in evidence.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

Suit by F. E. Day and others against F. W. Townsend and others, in which Frank Cullinan interpleaded. From an adverse judgment, defendants appeal. Reversed and remanded.

Conner & McRae, of Eastland, and J. M. Wagstaff, of Abilene, for appellants.

John C. Kay, of Wichita Falls, J. Y. Powell, W. W. Moore, and Beeman Strong, all of Houston, and T. J. Arnold, of Dallas, for appellees.

BUCK, J. Suit was filed September 10, 1918, by F. E. Day against F. W. Townsend, S. W. Bishop, J. M. Higginbotham, and the Farmers' State Bank & Trust Company of Gorman. In his amended petition, he alleged that W. L. Thornton and wife, Della Thornton, had on the 14th day of February, 1918, executed and delivered to F. W. Townsend a certain oil and gas lease to a certain tract of land, containing 110 acres, which lease was recorded in volume ———, page ———, Deed Records of Erath County; that said lease was for the purpose of mining and operating for oil and gas for five years, describing its terms, and, if no well is commenced on or before February 14, 1919, said lease would terminate unless lessee should pay to lessor, or to his credit in the Farmers' State Bank of Gorman, Tex., $55, which when paid should defer the expiration of said lease for six months, etc.; that on September 3, 1918, the plaintiff purchased said lease from defendants Townsend, Bishop, and Higginbotham for $100 per acre, the consideration being payable after the examination of abstract and title to same being found good; that about this time, Townsend for himself and his codefendants, Bishop and Higginbotham, executed an assignment of said lease to plaintiff, and plaintiff executed his draft for $11,000, and the assignment and lease were placed in escrow with said bank, to be held under the terms of said agreement, and, after said title was found good, said assignment was to be delivered by said bank to plaintiff, and said check to be delivered to defendants Townsend, Bishop, and Higginbotham; that within the time agreed upon, and within a reasonable time, plaintiff accepted said title, and demanded the delivery thereof, and tendered to said defendants the $11,000, but that said defendants and said bank refused to deliver said assignment, wherefore he prayed that said bank be made a party defendant, that the court order the delivery of said assignment to plaintiff, and, in the alternative, he prayed for damages in the sum of $90,000.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Defendants, after general demurrer and special exceptions, acknowledged that Townsend, Bishop, and Higginbotham did in truth and in fact enter into a verbal contract with plaintiff to sell him the lease in controversy, but alleged that said agreement was a mere option for one day, and that plaintiff failed, within the time stipulated, to accept said assignment and pay the consideration, and that the contract was at an end. Defendants specially denied that they entered into any written contract with plaintiff, but alleged that all of their negotiations were verbal. Frank Cullinan interpleaded, alleging that he had bought the lease from Day.

The cause was tried upon special issues, and to the interrogatories submitted the jury found as follows:

1. That Day was to have 24 hours after the abstract was placed in the hands of his attorney, H. P. Brelsford, in which to accept or reject said title and to pay the money due therefor.

2. That Day did pay, or offer to pay, defendants the sum stipulated, to wit, $11,000, within said 24 hours after the abstract had been placed in the hands of H. P. Brelsford, his attorney.

3. That it was not the agreement that Day was to have only one day from and after the delivery of the title to plaintiff to pay the consideration.

4. That plaintiff had not been damaged by reason of the refusal of defendants to transfer and assign to him the lease.

5. (Propounded by defendants.) That the defendants Bishop, Townsend, or Higginbotham, or either of them, did enter into an agreement with plaintiff that they would assign the mineral lease to him.

6. (Propounded by defendants.) That this agreement was in writing.

7. (Propounded by plaintiff.) That defendants did not place in escrow such agreement.

8. (Propounded by plaintiff.) That there was no agreement between plaintiff and defendants to limit the time in which the title should be accepted and the money paid over.

Upon these answers, the court rendered judgment for plaintiffs for the gas and oil lease executed by W. L. and Della Thornton to F. W. Townsend, describing the land in detail, and also that plaintiffs have and hold a valid and subsisting assignment of said lease from the defendant F. W. Townsend, who acted for himself and S. W. Bishop and J. M. Higginbotham, and that plaintiffs recover from all of the defendants all rights, title, and interest conveyed by said Thornton and wife, February 14, 1918.

The judgment further recited that, it appearing that plaintiff F. E. Day had not paid the consideration for the assignment of the lease, but had offered, and was still offering, to pay the same, defendants Townsend, Bishop, and Higginbotham have an equitable lien on the lease to secure the payment of the purchase price. The defendants Townsend, Bishop, and Higginbotham have appealed.

The first question to be considered is whether the assignment described the land to be conveyed so as to take the case out of the statute of frauds. Appellants pleaded in the trial court that the contract was only for one day after the signing of the assignment by Townsend, and that, Day having failed to pay the consideration within that time, the contract was at an end. But Day testified that the contract was that he was to have one day after his lawyer had received the abstract, and the jury has found against appellants on this contention. The assignment which Townsend signed, but did not acknowledge, on September 3, 1918, did not set out the description of the property. It reads in part as follows:

"Assignment of Oil and Gas Lease.

"Whereas, on the 14th day of February, 1918, a certain oil and gas mining lease was made and entered into by and between W. L. Thornton and wife, Della Thornton, lessor, and F. W. Townsend, lessee, covering the following described land in the county of Erath and state of Texas, to wit: * * * Said lease being recorded in the office of the registry of deeds in and for said county, in book ———, page ———; and whereas, the said lease and all rights thereunder or incident thereto are now owned by F. W. Townsend, now, therefore, for and in consideration of one dollar (and other good and valuable considerations), the receipt of which is hereby acknowledged, the undersigned, the present owner of said lease and all rights thereunder or incident thereto, do hereby bargain, sell, transfer, assign and convey unto F. E. Day all of his right, title and interest of the original lessee and present owner in and to said lease and rights thereunder in so far as it covers the above-described 110 acres of land," etc.

F. E. Day testified:

"Mr. Bishop delivered me an abstract describing the land that I was buying. The land in the abstract is described as the Thornton land, and is the same described in the petition in this suit. I afterwards transferred or assigned that to Mr. Cullinan. I saw the original lease also. That described the land as the abstract. Now, about the original lease, I don't think I ever saw the original lease. I saw the certificate of the abstractor. I saw the lease was recorded, and I saw the abstractor's certificate. That lease was recorded in Erath county; Thornton's lease."

He further testified, after describing the circumstances connected with his going out to the Duke well and the offer by Mr. Bishop to sell him the lease on the 110 acres for $100 an acre:

"I says, 'Let's go down to the bank, and I will put up my money against the assignment; or you can keep the assignment, and I will go down to the bank and put the money in there.' I told him that all I wanted was the title examined and approved, by Mr. Brelsford,

and 'your money is ready for you'; and so we went on down to the bank, and Mr. Bishop carried the assignment down there, and he said to me there was no use in keeping the assignment out; that Mr. Townsend could go up there to the bank, and Mr. Walter Collie could take his acknowledgment—that he could just go up there and sign it—and so I just put up my money against the assignment. He assured me that it would be signed up and fixed up all right, and I left my draft for $11,000, and wrote on the back of it, 'Payable on approval of title.' * * * I went to the bank, down to Mr. Collie's bank there in Gorman, and got this draft for $11,000 on the First State Bank of Eastland, and marked on the back of the draft, 'To be paid upon approval of title by H. P. Brelsford, Attorney.' "

Mr. Townsend came into the bank the next day and signed the assignment.

[1] The jury found that defendants Bishop, Townsend, and Higginbotham did not place in escrow such an assignment of the lease as was agreed upon between them and plaintiff. This finding may have been due to the fact that at the time the instrument was placed in Mr. Collie's hands it was not signed by Mr. Townsend, and therefore was not an escrow at that time. After Townsend signed the instrument and left it in the hands of Collie for delivery, it was in escrow. Or it may be that the jury concluded that the lease agreed upon between plaintiff Day and defendants Bishop, Townsend, and Higginbotham was one which included a description of the premises conveyed and acknowledgment of the assignment. Either conclusion may have been justified, and it is the duty of this court to accept such finding with the interpretation which supports the judgment, if possible.

10 Ruling Case Law, page 621, § 2, defines an escrow as follows:

"An escrow is a written instrument which by its terms imports a legal obligation, and which is deposited by the grantor, promisor, or obligor, or his agent, with a stranger or third party, to be kept by the depositary until the performance of a condition or the happening of a certain event, and then to be delivered over to the grantee, promisee, or obligee."

[2, 3] The reference to a certain oil and gas lease made by W. L. Thornton and wife to F. W. Townsend on February 14, 1918, and the statement that said lease was recorded in the deed records of Erath county, sufficiently described the land intended to be conveyed by the instrument executed by F. W. Townsend, and a portion of which is set out above, if by reference to the deed records of Erath county and the lease by Thornton and wife to Townsend the correct description of the property intended to be conveyed by Townsend to Day could be secured. In construing deeds, resort must be had to the general rule that that is certain which may be made certain. Vineyard v. O'Connor, 90 Tex. 59, 36 S.

W. 424; Gresham v. Chambers, 80 Tex. 544, 16 S. W. 326; Bowles v. Beal, 60 Tex. 322; Land & Cattle Co. v. Chisholm, 71 Tex. 523, 9 S. W. 479.

In answer to questions 5 and 6, propounded by defendants, the jury answered that Bishop, Townsend, or Higginbotham, or either of them, entered into an agreement in writing with the plaintiff that they would assign the mineral lease to plaintiff. This finding was evidently based upon the fact that Townsend, in whom the title was vested, did sign the instrument left with Collie, for neither of the three signed any other instrument in connection with this deal.

[4] Devlin on Deeds, § 312, defines escrow as follows:

"A delivery may be made to a third person conditional on the performance of an act or the happening of an event, whereupon it is to be delivered to the grantee. Such delivery to a third person is called an escrow."

When so delivered and accepted the depositary becomes in a sense a trustee for both parties to the transaction, and neither may withdraw the deed until the happening of the condition upon which it was deposited, or until after a reasonable time given for the performance of the condition. 16 Cyc. 568; Bott v. Wright, 62 Tex. Civ. App. 632, 132 S. W. 960, 962.

[5] But appellants urge that, even though the instrument was a sufficient memorandum in writing to convey title to the land involved; and even though it should be held that appellee Day had, under the contract with Bishop, one day after the examination of the title by the former's attorney, H. P. Brelsford, yet appellees would not be entitled to a judgment; for, as claimed by the appellants, the instrument, placed in the hands of Collie and the next day signed by Townsend, was a complete conveyance, and as such would not be a memorandum of an oral agreement for the transfer of the land. They cite the cases of Simpson v. Green, 212 S. W. 263, by this court, Wilson v. Winters, 108 Tenn. 398, 67 S. W. 800, by the Tennessee Supreme Court, and Morrow v. Moore, 98 Me. 69, 56 Atl. 209, 99 Am. St. Rep. 410, a Maine case, to support this assignment. The Morrow v. Moore Case simply holds that an oral contract for the sale of lands is not taken out of the statute of frauds as to the vendor by his signing and acknowledging a conveyance pursuant thereto and placing it in the hands of his attorney, if such deed remains within the grantor's control. The Wilson v. Winters Case is where a vendor of realty, having secured the cash payments and notes for the purchase price, executed a deed, which he retained in order that his wife, who was ill at the time, might subsequently sign it. The vendee went into possession, and the vendor assumed that he had title to the

notes. Held, that no title passed, because of no delivery of the deed. We do not believe these decisions reach the case before us. In Simpson v. Green, by this court, it was held that a deed deposited in escrow, reciting full payment of consideration for the sale of land, was not such a memorandum of an oral agreement for the transfer of the land in consideration of an automobile, cash paid, and deferred payment, as to satisfy the statute of frauds.

Appellants seem to rely upon the last-cited case, and call attention to the fact that the instrument signed by Townsend recited that the grantor, "for and in consideration of one dollar (and other good and valuable considerations), the receipt of which is hereby acknowledged," did bargain, sell and transfer unto the grantee all of his right, title, etc. Appellants urge that in this respect the instrument signed by Townsend is similar to the one involved in the Simpson v. Green case; for, in the last-named case, as well as perhaps in this case, the consideration recited in the instrument was different from the one agreed upon in the verbal contract. But we do not find it necessary to base our conclusion, reached herein, that the instrument was a present conveyance, upon this urged ground. The majority have concluded that the instrument signed by Townsend was not a memorandum in writing of the parol contract of sale and purchase of the lease agreed upon between the parties, and the right to the enforcement of which was made the basis of plaintiff's suit, but was a present conveyance of the lease, and as such it comes within the rule laid down in Simpson v. Green; it being a familiar rule that delivery of a conveyance is just as necessary as its execution to give it legal effect.

The writer hesitates in disposing of the instant case upon the authority laid down in Simpson v. Green. An application for writ of error to the Supreme Court has been applied for in that case, but the Supreme Court has not taken action thereon. Irrespective of whether or not we are sustained in our conclusion reached in that case, the writer believes that, taking into consideration the failure of the assignment to specifically describe the property, and the finding of the jury that defendants Townsend, Bishop, and Higginbotham did enter into an agreement in writing with plaintiff that they would assign the mineral lease to him, and the further finding that said defendants did not place in escrow such an assignment of the lease in issue as was agreed upon between them and plaintiff, we are justified in holding that the instrument, signed but not acknowledged by Townsend, was a sufficient memorandum of the contract, in writing, as to take the case out of the statute of frauds, though it was not sufficient as a present conveyance. This instrument, without acknowledgment,

was not subject to registration, and upon the refusal of the defendants to make a complete conveyance, duly acknowledged, it was necessary that suit be filed thereon, in order that the plaintiff secure a judgment of the court vesting the title in him to the land in controversy, and divesting it out of the defendants. See articles 1109, 1116, V. S. Tex. Civ. Stats.

But the majority have concluded otherwise, and therefore, without further discussion, on appellants' first assignment of error, the judgment below will be reversed and here rendered for appellants.

BUCK, J., dissenting.

On Motion for Rehearing.

BUCK, J. Since our original opinion was filed the Supreme Court has granted a writ of error in the case of Simpson v. Green, supra, with the following docket entry:

"Granted. We think a deed placed in escrow is a sufficient memorandum in writing signed by the grantor to comply with the statute of frauds. We doubt whether there is any evidence to support the conclusion that it would be inequitable to decree specific performance of the contract."

[6] While the majority are still of the opinion reached by them on the original hearing, and while we recognize that this docket entry does not necessarily reflect the conclusion which will be reached by the Supreme Court on final hearing, yet we conclude that the docket entry is at least expressive of the present views of the Supreme Court, and, as the instant case will likely go to the Supreme Court in any event, we have all concluded that the motion for rehearing should be granted, the former judgment set aside, and the judgment of the trial court affirmed.

If the written instrument placed in escrow with Collie was sufficient as a present conveyance or as a memorandum in writing which would bind grantors, then this judgment should be affirmed. Bott v. Wright, 62 Tex. Civ. App. 632, 132 S. W. 960, 962; Smith v. Moore, 155 S. W. 1017, 1019.

Motion for rehearing granted, former judgment set aside, all assignments overruled, and judgment affirmed.

On Further Motion for Rehearing.

A judgment was rendered by this court in this case February 28, 1920, by which the majority reversed the judgment below and rendered judgment for appellants. On April 17th following, and after the Supreme Court had granted a writ of error in the case of Simpson v. Green, 212 S. W. 263, with the following docket entry:

"Granted. We think a deed placed in escrow is a sufficient memorandum in writing signed by the grantor to comply with the statute of

frauds. We doubt whether there is any evidence to support the conclusion that it would be inequitable to decree specific performance of the contract"

—we granted a rehearing and set aside the former judgment and affirmed the judgment below.

On the first consideration of the case, the mind of the court was directed to the issue of whether or not the instrument signed by F. W. Townsend and placed with W. M. Collie was sufficient to take the case out of the statute of frauds, and, the majority concluding that it was not, we went no further in the consideration of the assignments. On rehearing, we concluded that the granting of the writ of error by the Supreme Court, with the docket entry as given above, indicated the present attitude of the Supreme Court on the question involved in Simpson v. Green, and that the position of the majority on original hearing in this case was not in accord with the views expressed by the Supreme Court in this docket entry. Hence, we set aside our former decision and affirmed the judgment, overlooking the fact that there were other assignments in appellant's brief which should be considered.

[7] The third assignment complains of the ruling of the court in admitting oral evidence with reference to the description of the land covered by the mineral lease sought to be assigned. The alleged memorandum did not include a description of the property sold, except by reference to the lease from the Thorntons to Townsend, and appellants urge that parol evidence was inadmissible to supply the description wanting in the instrument. In the bill of exceptions upon which this assignment is based, there appears, among other reasons offered by appellants in the objection to the introduction of this testimony, the following:

"(1) Such evidence was irrelevant and immaterial.

"(2) Because said evidence was not the best evidence of the contents of said lease or assignment."

The evidence to which objection was made was the testimony of F. E. Day, and it is as follows:

"I understand that [referring to the lease] is a part of the W. L. Thornton land, and covers the same land described in the petition. I understand that is what the assignment covers. It seems to me the defendant told me that it was the W. L. Thornton lease. Mr. Bishop delivered me his abstract, describing the land that I was buying. The land and abstract is described as the Thornton land. I saw the original lease, also. That described the same land as the above. Now, about the original lease—I don't think I have seen the original lease. I saw the certificate of the abstracter. I saw the lease was recorded, and I saw the abstracter's certificate."

This appears to be the only evidence in the record of the contents of the lease made by W. L. Thornton to F. W. Townsend. While the appellees urge that parol evidence is admissible in aid of the description in the escrow agreement, we do not understand that that rule authorizes the admission of hearsay evidence in order to establish the description given in the instrument to which reference is made in the escrow agreement. Appellees cite the cases of Spaulding v. Smith, 169 S. W. 627; Petty v. Wilkins, 190 S. W. 539; Rosen v. Phelps, 160 S. W. 104; Stroburg v. Walsh, 203 S. W. 391, in support of the contention that this evidence was admissible. In Stroburg v. Walsh, by the Court of Civil Appeals for the Austin district, the court said:

"That oral testimony is admissible, in a proper case, to identify the subject-matter of a contract is too well settled to require the citation of authorities in support of the proposition. A conveyance of land, or a contract to convey the same, may contain a minute and accurate description of the land, and yet it may, and in many cases would, require oral testimony to identify the land. For example, a deed to a lot may describe the same as lot No. 2, in block No. 15, in Austin, Tex., as shown by the map of said city, giving volume and page where same is recorded, and yet such deed would not convey to any one not familiar with such city any idea as to the location of such lot. But no one denies that its location might be proven by the oral testimony of any one who was familiar with the location of such lot. The same would be true if the lot was described as being located at the intersection of certain named streets, or if a tract of land was described with reference to certain natural or artificial monuments."

In Petty v. Wilkins, supra, it is said, on page 533, 190 S. W.:

"It is also insisted that we erred when we overruled appellant's cross-assignment, in which he complained of the action of the trial court in admitting as evidence, over his objection thereto, that it was void for lack of a sufficient description of the land it purported to convey, the deed from L. Collins to R. J. Stephenson, dated March 24, 1869. The deed was not copied into the record sent to this court, but is referred to therein as follows: 'Deed from L. Collins to R. J. Stephenson, dated March 24, 1869. Recorded in volume 3, p. 390, Deed Records of Franklin County. Filed for record April 5, 1869. A certain tract or parcel of land better known and described as follows, to wit: Beginning on the east boundary line of a hundred and sixty acre survey made by virtue of the headright certificate of Joseph Stone a stake; thence west 168⅔ vrs. a stake; thence south $139^{2}/_{11}$ varas a stake; thence east 168⅔ vrs. a stake; thence north $139^{2}/_{11}$ to the place of beginning. Also known as the place built on by Thos. Davis and lastly occupied by G. N. Breckenridge, containing four (4) acres, being a part of said Stone survey. Together with all and singular the appurtenances thereto belonging.'

"The specific grounds upon which it is claimed the description was insufficient are that the land in controversy was a part of the Joseph Sloan survey, whereas it was described in the deed as a part of the Joseph Stone survey; that it did not appear from the deed in what county and state the land it purported to convey was situated, and that 'the beginning in the description was not sufficiently located in order to describe any land.' We were, and are, of opinion the deed was not on its face void for uncertainty in the description of the land it purported to convey, because it appeared therefrom that the land therein described might be identified as the land in controversy by proof showing that it was 'known as the place built on by Thos. Davis and lastly occupied by G. N. Breckenridge.' The rule is that a deed is not void for uncertainty unless on its face the description cannot, by extrinsic evidence, be made to apply to any definite land. Waterhouse v. Gallup, 178 S. W. 773; Roberts v. Hart, 165 S. W. 473."

As will be noted from these excerpts from the two opinions cited, the courts writing them merely held that parol evidence was admissible to identify the land by means of physical objects on the ground, or by means of its occupancy by certain persons, etc. There is nothing in either of these opinions, or in either of the other two cited, which holds that a witness may testify to the contents of a written instrument, in which the description of the land is supposed to be given, and where no reason is shown why the instrument itself, either the original or a certified copy, was not offered in evidence. We believe this assignment must be sustained, and that the judgment for the appellees must be reversed.

The judgment entered on April 17, 1920, in which a rehearing was granted, the former judgment set aside, and the judgment below affirmed, is set aside, and the trial court's judgment reversed, and the cause remanded.