### HOFFMAN et al. v. NELSON et al. * (No. 7295.)

Court of Civil Appeals of Texas. Austin. Dec. 19, 1928.

Rehearing Denied Jan. 2, 1929.

Dibrell & Starnes, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellees.

BLAIR, J. Appellants sued appellees to compel specific performance of the alleged contract:

"That on the 19th day of June, 1926, the plaintiffs acting by and through the said C. W. Hoffman and the said Mrs. John Nelson, otherwise known as Caroline Nelson, and otherwise known as Louisa Caroline Nelson, acting in her own proper person, made and entered into an agreement partly oral and partly in writing to the effect that plaintiffs would

*Writ of error refused.

pay her $2,000.00 cash bonus for an oil and gas lease on all the above described lands and premises except the 60 acres theretofore leased to Nancy McChesney, and that the said defendant Caroline Nelson would on Monday June 21, 1926, execute, acknowledge and deliver to plaintiffs an oil and gas lease covering said lands and premises, for said cash bonus of $2,000.00, such oil and gas lease to be for a term of one year and as much longer as oil and gas should be produced by the lessee from the said lands and premises and the lessor to receive ⅛ royalty of all oil and gas produced, and thereupon on said day and date the plaintiffs executed and delivered to the said defendant, and the defendant then and there excepted, a check in the sum of $100.00 payable to her order, which was then and there written out by the said C. W. Hoffman, and in the presence of the defendant and with her approval, and made payable to her order, and duly signed, executed and delivered by the said C. W. Hoffman on behalf of the said plaintiffs, and drawn on the Texas State Bank at Eastland.

"That thereafter on Monday, June 21, 1921, plaintiff tendered the balance of the said bonus of the $2,000.00 to the defendant and demanded that she execute, acknowledge and deliver said oil and gas lease but the said defendant failed and refused to do so and has ever since failed and refused to execute and deliver said lease and that by reason of the fact aforesaid, these plaintiffs are entitled to enforce the said contract with said defendant and they bring this action for the purpose of compelling specific performance of the same by the said defendant."

A special exception to the petition was sustained upon the ground that the contract alleged was in violation of article 3995, subd. 4, of the statute of frauds, providing that "any contract for the sale of real estate or the lease thereof for a longer term than one year" must be in writing and signed by the grantor or lessor. Appellants refused to amend, and the suit was dismissed; hence this appeal upon the following two grounds: (1) That the contract alleged was not a contract for sale of real estate, but was a mere lease of the oil and gas within the meaning of the word "lease" as used in the statute quoted above; and (2) that the contract under its terms might be performed within one year. Neither proposition is sustained.

Clearly the contract is one of sale conveying seven-eighths of all the oil and gas in place in the lands "for a term of one year and as much longer as oil and gas should be produced by the lessee from said lands and premises." The following and many other authorities hold that an oil and gas lease which contemplates the taking and appropriation of the oil and gas in place by lessee is a sale of an interest in the realty, and therefore cannot be a mere lease thereof within the meaning of the statute quoted. Benavides v. Hunt, 79 Tex. 390, 15 S. W. 396; Priddy v. Green (Tex. Civ. App.) 220 S. W. 245; Texas Co. v. Tankersley (Tex. Civ. App.) 229 S. W. 672; Townsend v. Day (Tex. Civ. App.) 224 S. W. 283; Beckett-Iseman Oil Co. v. Backer, 165 Ky. 818, 178 S. W. 1084; Ramage v. Wilson, 37 Ind. App. 532, 77 N. E. 368; Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989; Stephen County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566; Southern Oil Co. v. Colquitt, 28 Tex. Civ. App. 292, 69 S. W. 169; Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S. W. 296, 29 A. L. R. 607; Guffey v. Smith, 237 U. S. 101, 35 S. Ct. 526, 59 L. Ed. 856; Summers on Oil and Gas, p. 208; 27 C. J. 213.

Or, as is said by the Supreme Court in the case of Texas Co. v. Daugherty, supra: "According to these decisions it is immaterial whether there is any such thing as absolute ownership of oil and gas in place. They plainly announce that the conveyance of such minerals in place, with a right to the use of the land for their extraction from the earth which may prove, under the instrument, of unlimited duration, creates a freehold interest in the land itself."

The above authorities also hold that, where one grants another the right to go upon and remove oil, gas, or other minerals from the land, it constitutes a sale of such minerals, regardless of whether they call the grant or conveyance a lease or a sale. We therefore conclude that, since the contract sued on contemplated that appellants should extract the oil and gas from the lands, retaining ⅞ as their own or for their own use, it is a contract for the sale of real estate within the meaning of the statute quoted and void because not in writing.

It also follows as a matter of course that the contract cannot be both a sale of the real estate and a lease thereof, and the contention that it may or may not run for more than one year becomes immaterial.

We find no error in the judgment, and it is affirmed.

Affirmed.